**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE OSVALDO FERRIERA JUNIOR,<br><br>Petitioner,<br><br>v.<br><br>TIMOTHY S. ROBBINS et. al.,<br><br>Respondents. | No.  1:25-CV-01671-DC-DMC-HC<br><br>FINDINGS AND RECCOMENDATIONS |

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 2.

Petitioner is a U-Visa applicant who fled Brazil to seek asylum in the United States. See ECF No. 1, pg. 2. Petitioner was initially detained and released on his own recognizance by Department of Homeland Security on February 7, 2023. See id. Petitioner asserts he was denied due process when he was re-detained on November 19, 2025, without notice or a pre-deprivation bond hearing. See id. at 3.  The District Judge ordered Respondents to show cause why the Court should not deem the motion for temporary restraining order unopposed. See ECF No. 8. On December 9, 2025, the District Judge specifically directed Respondents to address whether there were any factual or legal issues in this case that rendered it distinguishable from the Court's prior orders in Labrador-Prato v. Noem et al., 1:25-cv-01598-DC-SCR, 2025 WL

1

3458802 (E.D. Cal. Dec. 2, 2025), and other similar cases previously decided by the court. See ECF No. 12.

Respondents filed an opposition to injunctive relief, acknowledging that the caselaw in the court's prior orders is not distinguishable from this case. See ECF No. 13. The Court granted Petitioner's motion for temporary restraining order. See ECF No. 14. The Court ordered:

(1) Petitioner Jose Osvaldo Ferreira Junior shall be released immediately from the Respondents' custody;

(2) Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing; and

(3) If the Government seeks to re-detain Petitioner, it must provide no less than 7 days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.

Id.

Additionally, "in light of Respondents' non-opposition to treating Petitioner's Motion for a Temporary Restraining Order as a Motion for Preliminary Injunction," the Court issued a preliminary injunction on the same terms. Id. The matter was referred to the undersigned for further proceedings. Respondents were ordered to show cause why the Court should not recommend granting the Petition based on the reasoning in the District Judge's prior order. See ECF No. 16. Respondents filed a response requesting that Respondents' opposition to the motion for temporary restraining order be accepted as their response to the petition. See ECF No. 18.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 14, and in other cases, see Sarfaraz Mohammed v. Murray, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020, WL 124866 (E.D. Cal. Jan. 15, 2026), report and recommendation adopted, No. 1:25-CV-01761-TLN-DMC, 2026 WL 311864 (E.D. Cal. Feb. 5, 2026), that Petitioner's re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned will recommend the petition be granted.

///

Based on the foregoing, the undersigned RECOMMENDS that the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 9, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE